RCC

FILED
FEBRUARY 1, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TRANSCAP ASSOCIATES, INC.,** | |
| Plaintiff, | |
| v. | No. **08 C 723** |
| **EULER HERMES AMERICAN CREDIT INDEMNITY COMPANY** and **ROBERT M. FRANCISCO,** | **JUDGE DARRAH**<br>**MAGISTRATE JUDGE MASON** |
| Defendants. | |

### NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(a)

TAKE NOTICE that defendants, Euler Hermes American Credit Indemnity Company and Robert M. Francisco, hereby remove this action from the Circuit Court of Cook County, Illinois County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, defendants state as follows:

1. On December 26, 2007, plaintiff Transcap Associates, Inc. commenced this action by filing a summons and complaint in the Circuit Court of Cook County, Illinois County Department, Chancery Division, under the same title as above. The case was designated Case No. 07 CH 38297. Defendant Euler Hermes American Credit Indemnity Company was purportedly served with and received a copy of the summons and complaint on January 3, 2008 and defendant Robert M. Francisco has not been served nor has received a copy of the summons and complaint.

2. The grounds for removal are that this is a civil action brought in a State court of which the district courts of the United States have original jurisdiction, specifically, the district court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction) in that this

action is between citizens of different States within the meaning of 28 U.S.C. § 1332(a) and (c) and the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. Accordingly, this action may be removed pursuant to 28 U.S.C. § 1441.

3. Plaintiff, Transcap Associates, Inc., is a citizen of the State of Illinois, in which it has been incorporated and where it has its principal place of business, in Northbrook, Illinois (Complaint ¶ 2). 28 U.S.C. § 1332(c).

4. Defendant Euler Hermes American Credit Indemnity Company is a citizen of the State of Maryland, in which it has been incorporated and where it has its principal place of business, in Owings Mills, Maryland (Complaint ¶ 3). 28 U.S.C. § 1332(c).

5. Defendant Robert M. Francisco is a citizen of the State of Florida, and resides in Bradenton, Florida. Mr. Francisco was domiciled in the State of Florida at the time of commencement of this action and remains domiciled there.

6. Based upon the allegations of the complaint, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), having been filed within thirty days after the receipt by Defendants of a copy of the initial pleading in this action.

8. The Eastern Division of the United States District Court for the Northern District of Illinois is the District Court of the United States for the district and division embracing Cook County, Illinois. 28 U.S.C § 93(a)(1).

9.  Pursuant to the requirements of 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the defendants in the Cook County action are attached hereto as Group Exhibit A.

WHEREFORE, Defendants hereby remove this action from the Circuit Court of Cook County, Illinois County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: February 1, 2008

Respectfully submitted,

EULER HERMES AMERICAN CREDIT INDEMNITY COMPANY and ROBERT M. FRANCISCO

By: ____s/ Kevin J. Kuhn____
       One of Their Attorneys

Kevin J. Kuhn
Cindy S. Stuyvesant
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
Phone: (312) 609-7500
Facsimile: (312) 609-5005

Alan D. Halperin
Andrew P. Saulitis
Halperin Battaglia Raicht, LLP
555 Madison Avenue
New York, New York 10022
Phone: (212) 459-0900
Facsimile: (212) 459-1826

# Exhibit A

Case 1:08-cv-00723    Document 1    Filed 02/01/2008    Page 4 of 18

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, Chancery _____ DIVISION

(Name all parties)

Transcap Associates, Inc.
_____

Plaintiff,

v.

Euler Hermes American Credit Indemnity Company and
Robert M. Francisco, individually and
as agent of Euler Hermes American Credit
Indemnity Company          SUMMONS
                     Defendants.

No. _____

JURY TRIAL DEMANDED

Please serve:
Euler Hermes ACI
3333 Warrenville Road
Suite 160
Lisle, Illinois 60532

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __802__, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 43456
Name: Thomas A. Marrinson
Atty. for: Transcap Associates, Inc.
Address: Reed Smith Sachnoff & Weaver
City/State/Zip: 10 South Wacker Drive, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 207-1000

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

WITNESS, _____

DEC 2 6 2007
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Exhibit A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| TRANSCAP ASSOCIATES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | 07CH |
| EULER HERMES AMERICAN ) | JURY TRIAL DEMANDED |
| CREDIT INDEMNITY COMPANY ) | |
| and ROBERT M. FRANCISCO, ) | 38297 |
| individually and as agent of Euler ) | |
| Hermes American Credit Indemnity ) | |
| Company, ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiff Transcap Associates, Inc. ("Transcap"), by and through its counsel, files this Complaint against defendants Euler Hermes American Credit Indemnity Company ("Euler") and Robert M. Francisco ("Francisco"), individually and as agent of Euler, and alleges as follows:

### NATURE OF ACTION

1. This is an insurance coverage action brought by Transcap under a credit insurance policy issued by Euler and against the insurance producer that sold Transcap the policy at issue. In Count I of this action, Transcap seeks damages against Euler for breach of contract as a result of Euler's failure to honor its contractual duties and obligations under a Domestic Markets Business Credit Insurance Policy issued by Euler to Transcap. In Count II, Transcap seeks a declaratory judgment on Euler's obligations under the Euler Policy to pay sums owed to Transcap on the claim submitted by Transcap and denied by Euler and on the scope of coverage provided by the Euler Policy. In Count III, Transcap

- 1 -

seeks damages against Euler for consumer fraud based on representations by Euler that the Euler Policy would cover the types of claims submitted by Transcap, including the type of claim that forms the basis of this lawsuit. In Count IV, Transcap seeks damages against Francisco and Euler, as Francisco's employer, for a breach of the duty of ordinary care and skill in procuring the appropriate type of insurance policy for Transcap and for failing to obtain for Transcap the insurance coverage that Transcap requested. In Count V, Transcap seeks damages from Euler for its vexatious and unreasonable failure to pay the claim submitted by Transcap. In Count VI, Transcap seeks to equitably estop Euler from denying that the Euler Policy provides coverage to Transcap for the loss at issue because Transcap reasonably relied to its detriment on the false representations of coverage made by Euler and its agent, Francisco.

### PARTIES AND VENUE

2. Plaintiff Transcap is a corporation organized under the laws of the State of Illinois with its principal place of business in Northbrook, Illinois. Transcap is in the business of providing financing to manufacturers and distributors.

3. Based on information and belief, defendant Euler is a corporation organized under the laws of the State of Maryland with its principal place of business in Owings Mills, Maryland.

4. Based on information and belief, defendant Francisco is an individual whose legal residence is in the State of Illinois. At all times mentioned herein, Francisco was acting in the employment of and as an agent of Euler.

5. Venue is proper in this court pursuant to 735 ILCS 5/2-101, et seq., in that, among other things, the transactions or some part thereof out of which the causes of action

asserted herein arose took place in this County, Transcap is a resident of this County, and, on information and belief, Euler does business in this County.

### THE BUSINESS OF TRANSCAP

6. Transcap assists manufacturers and distributors by providing them with funding for the purchase of inventory pursuant to its Global Trade Credit Program. Under this program, Transcap purchases inventory on behalf of its clients and resells that inventory to the client on payment terms more favorable than those which might otherwise be available from trade creditors or other funding sources. Thus, for example, where a manufacturer could purchase inventory only by making immediate cash payment or securing its obligations with a letter of credit, the Global Trade Credit Program permits manufacturer-clients of Transcap to purchase inventory through Transcap on 60 day terms and without providing security for repayment.

7. Transcap does not itself produce any goods and is not the manufacturer of any of the inventory it sells to its clients. Transcap takes legal ownership of the inventory it purchases on behalf of its clients for only a short period of time, and such inventory is never stored on Transcap's premises.

### TRANSCAP'S PURCHASE OF CREDIT INSURANCE FROM EULER

8. In August 2004, Transcap contacted Euler to discuss the possibility that Transcap would purchase credit insurance from Euler in connection with Transcap's Global Trade Credit Program.

9. In response to Transcap's inquiry, Francisco came to Transcap's offices and met with Transcap's President, Ira Edelson, and Transcap's Executive Vice President, Michael Sear. At that meeting, Francisco was made aware of Transcap's Global Trade

Credit Program, including but not limited to the facts recited in paragraphs 6 and 7 of this Complaint, and the fact that Transcap desired to purchase credit insurance for the risk that a client would fail to repay Transcap for inventory purchased by Transcap on that client's behalf.

10. After discussing Transcap's business model and credit insurance needs, Francisco presented Transcap with an application for a Domestic Markets Business Credit Insurance Policy. Francisco represented to Messrs. Edelson and Sear that the Domestic Markets Business Credit Insurance Policy would be suitable for the credit risk presented by Transcap's Global Trade Credit Program and would provide coverage to Transcap should one of its Global Trade Credit Program clients become insolvent or otherwise default on its payment obligations to Transcap under the program. In making these representations, Francisco understood, among other things, that Transcap was not a manufacturer of goods and that Transcap did not maintain inventory sold to its clients on its own premises as any part of the Global Trade Credit Program.

11. In reliance on the representations made by Francisco, Transcap purchased a Domestic Markets Business Credit Insurance Policy from Euler with an initial term of August 15, 2004 through August 14, 2005. The policy subsequently was renewed by Euler on an annual basis. A true and correct copy of the policy issued by Euler to Transcap for the policy period August 15, 2006 through August 14, 2007 (the "Euler Policy") is attached hereto as Exhibit A and incorporated herein by reference.

## THE COVERAGE UNDER THE EULER POLICY AND TRANSCAP'S LOSS

12. The Euler Policy covers Transcap against credit losses due to the nonpayment of amounts due from a covered buyer for shipments of covered products made by Transcap during the policy period, on terms no longer than the maximum terms of sale and which were invoiced in U.S. or Canadian dollars. The types of credit losses covered by the Euler policy include insolvency of a covered buyer and protracted default due to slow payment of a covered buyer. The "covered products" under the Euler Policy are "various consumer products."

13. On January 16, 2006, Transcap entered into a Master Purchase Agreement with Alco Industries, Inc. ("Alco") whereby Transcap would acquire inventory for use by Alco, and Alco later would purchase such inventory from Transcap on Transcap's terms.

14. Alco is a "Covered Buyer" under the Euler Policy with a credit limit of $1,000,000, pursuant to specific endorsement to the Euler Policy.

15. Transcap made three sales of kitchenware to Alco pursuant to three separate invoices: (1) an invoice dated June 4, 2007 for $293,865.01, (2) an invoice dated June 22, 2007 for $277,215.34, and (3) an invoice dated July 16, 2007 for $422,715.54. Each of these sales involved a "shipment" of "covered products" to a "covered buyer" during the "policy period," as those terms are used in the Euler Policy. Each of these sales was made on terms no longer than the "maximum terms of sale" as that term is used in the Euler Policy, and each of these sales was invoiced in U.S. dollars.

16. Alco has failed to pay Transcap any of the amounts reflected on the June 4, 2007, June 22, 2007, or July 16, 2007 invoices and thus is in "protracted default" of those invoices as that term is used in the Euler Policy.

### EULER'S DENIAL OF TRANSCAP'S CLAIM

17. Transcap timely notified Euler of the protracted default by Alco on its invoices.

18. Euler has denied coverage to Transcap with respect to the losses suffered by Transcap as a result of Alco's protracted default on Transcap's invoices to Alco.

### COUNT I
### BREACH OF CONTRACT
### (Against Euler)

19. Transcap incorporates by reference and realleges the allegations of paragraphs 1 through 18 as though fully set forth herein.

20. The Euler Policy was in full force and effect at the time of the loss.

21. All conditions and requirements imposed by the Euler Policy upon Transcap, including the payment of premiums and notice of claims, have been satisfied or have been waived, or are subject to an estoppel or other avoidance against Euler.

22. Euler breached the Euler Policy by failing to pay Transcap's covered credit loss of $993,795.89.

23. Transcap has been damaged by Euler's denial of its claim in breach of the Euler Policy.

WHEREFORE, Plaintiff Transcap respectfully prays:

(a) that judgment be entered in Transcap's favor and against Euler in an amount to be determined according to proof at trial;

(b) that Transcap be awarded its costs and expenses, including but not limited to its attorneys fees, in bringing and pursuing this action;

(c) that Transcap be awarded pre-judgment and post-judgment interest; and

(d) that the Court award Transcap such other relief as it deems just and appropriate.

## COUNT II
## DECLARATORY RELIEF
### (Against Euler)

24. Transcap incorporates by reference and realleges the allegations of paragraphs 1 through 23 as though fully set forth herein.

25. An actual controversy of a justiciable nature presently exists between Transcap, on the one hand, and Euler, on the other hand, concerning the parties' rights and obligations under the Euler Policy with respect to Alco's protracted default and with respect to the scope of coverage available under the Euler Policy with respect to the credit risk faced by Transcap in connection with its Global Trade Credit Program.

WHEREFORE, Plaintiff Transcap respectfully prays:

(a) that declaratory judgment be entered defining the obligations of Euler under the Euler Policy and determining any sums due to Transcap from Euler with respect to Alco's protracted default;

(b) that Transcap be awarded its costs and expenses, including but not limited to its attorneys' fees, in bringing and pursuing this action;

(c) that Transcap be awarded pre-judgment and post-judgment interest; and

(d) that the Court award Transcap such other relief as it deems just and appropriate.

## COUNT III
## CONSUMER FRAUD ACT
### (Against Euler)

26. Transcap incorporates by reference and realleges the allegations of paragraphs 1 through 25 as though fully set forth herein.

27. To the extent that the Euler Policy does not cover Transcap's losses due to Alco's protracted default, Euler has engaged in deceptive acts or practices in its business, trade, or commerce in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 et seq., by misrepresenting that the Euler Policy would cover the credit losses experienced by Transcap in connection with Transcap's Global Trade Credit Program and by misrepresenting that the Euler Policy would be an appropriate policy for the credit risk faced by Transcap in connection with that program.

28. To the extent that the Euler Policy does not cover Transcap's losses due to Alco's protracted default, Euler intentionally misrepresented to Transcap that the Euler Policy was the appropriate type of insurance coverage for the credit risks that Transcap faced in connection with its Global Trade Credit Program with the intent that Transcap would rely on such representations.

29. Transcap relied on Euler's misrepresentations by, among other things, purchasing credit insurance from Euler, renewing its credit insurance coverage from Euler, not seeking other coverage from other sources, and paying substantial premiums to Euler.

30. As a direct, proximate and foreseeable result of Euler's deceptive acts and practices, Transcap has been damaged.

WHEREFORE, Plaintiff Transcap respectfully prays:

(a) that judgment be entered in Transcap's favor and against Euler for Transcap's actual damages sustained as a result of Euler's deceptive acts or practices, in an amount to be established through proof at trial;

(b) that Transcap be awarded its costs and expenses, including but not limited to its attorneys' fees, in bringing and pursuing this action;

(c) that Transcap be awarded statutory damages;

(d) that Transcap be awarded pre-judgment and post-judgment interest; and

(e) that the Court award Transcap such other relief as it deems just and appropriate.

## COUNT IV
## INSURANCE PLACEMENT LIABILITY
### (Against Euler and Francisco)

31. Transcap incorporates by reference and realleges the allegations of paragraphs 1 through 30 as though fully set forth herein.

32. Upon information and belief, Francisco is licensed by the State of Illinois to sell, solicit, or negotiate insurance.

33. Upon information and belief, Francisco is an insurance producer within the meaning of 735 ILCS 5/2-2201.

34. As an insurance producer, Francisco owed a duty of ordinary care and skill in procuring the coverage requested by Transcap.

35. Transcap explained its business model to Francisco and requested insurance coverage for the potential credit losses Transcap could suffer in connection with Transcap's Global Trade Credit Program.

36. Francisco presented the Euler Domestic Markets Business Credit Insurance Policy form as a suitable vehicle for covering Transcap's potential credit losses in connection with its Global Trade Credit Program.

37. To the extent that the Euler Policy does not cover Transcap's losses resulting from Alco's protracted default, Francisco breached his duty of ordinary care and skill by procuring an insurance policy that does not cover the types of credit losses Transcap would be likely to suffer and for which Transcap sought coverage.

38. Euler is vicariously liable for the acts of its employee, Francisco, committed within the scope of his employment. Euler ratified the actions of its agent, Francisco, by underwriting and subsequently renewing the Euler Policy for Transcap.

WHEREFORE, Plaintiff Transcap respectfully prays:

(a) that judgment be entered in Transcap's favor and against Euler and Francisco for Transcap's actual damages sustained as a result of Francisco's breach of duty and Euler's ratification, in an amount to be established through proof at trial;

(b) that Transcap be awarded its costs and expenses, including but not limited to its attorneys' fees, in bringing and pursuing this action;

(c) that Transcap be awarded statutory damages;

(d) that Transcap be awarded pre-judgment and post-judgment interest; and

(e) that the Court award Transcap such other relief as it deems just and appropriate.

## COUNT V
### VIOLATION OF ILLINOIS INSURANCE CODE § 155
#### (Against Euler)

39. Transcap incorporates by reference and realleges the allegations of paragraphs 1 through 38 as though fully set forth herein.

40. Euler's breaches of its insuring obligations and its failure to pay Transcap any portion of the amount of loss it has suffered in connection with Alco's protracted default are vexatious and unreasonable in violation of 215 ILCS § 5/155, and as a direct and natural consequence of Euler's violations of 215 ILCS § 5/155, Transcap is entitled to the statutory remedies provided therefor, including without limitation, money damages in an amount to be proven at trial, statutory damages, attorneys' fees, costs and interest.

WHEREFORE, Plaintiff Transcap respectfully prays:

(a) that judgment be entered in Transcap's favor and against Euler for Transcap's actual damages sustained as a result of Euler's vexatious and unreasonable denial of coverage, in an amount to be established through proof at trial;

(b) that Transcap be awarded its costs and expenses, including but not limited to its attorneys' fees, in bringing and pursuing this action;

(c) that Transcap be awarded statutory damages;

(d) that Transcap be awarded pre-judgment and post-judgment interest; and

(e) that the Court award Transcap such other relief as it deems just and appropriate.

## COUNT VI
## EQUITABLE ESTOPPEL
### (Against Euler)

41. Transcap incorporates by reference and realleges the allegations of paragraphs 1 through 40 as though fully set forth herein.

42. Euler's failure to pay Transcap's loss resulting from Alco's protracted default is inconsistent with the conduct and representations of Euler's agents, including but not limited to Francisco, at the time the Euler Policy was underwritten.

43. Transcap was misled by the representations and conduct of Euler's employees to believe that the Euler Policy provided coverage for the type of loss Transcap has suffered in connection with Alco's protracted default.

44. Transcap relied on Euler's representations and conduct when it initially purchased coverage from Euler in August 2004, and upon each successive annual renewal.

45. Transcap's reliance on Euler's representations and conduct was reasonable, in that Euler's representations and conduct were consistent with the Euler Policy language.

46. Transcap has been prejudiced by its reliance on Euler's and/or its agents' representations and conduct.

WHEREFORE, Plaintiff Transcap respectfully prays:

(a) that judgment be entered in Transcap's favor and against Euler in an amount to be established through proof at trial;

(b) that Transcap be awarded its costs and expenses, including but not limited to its attorneys' fees, in bringing and pursuing this action;

(c) that Transcap be awarded pre-judgment and post-judgment interest; and

(d) that the Court award Transcap such other relief as it deems just and appropriate.

### JURY DEMAND

Transcap hereby demands a trial by jury on all issues so triable.

Dated: December 26, 2007         Respectfully Submitted,

                                          TRANSCAP ASSOCIATES, INC.

                                          By: _____
                                                  One of Its Attorneys

Thomas A. Marrinson
Grant Y. Lee
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Suite 4000
Chicago, IL 60606
Phone: (312) 207-1000
Fax: (312) 207-6400
Firm I.D. 43456
2128609