# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **Transcap Associates, Inc.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. 08-C-723 |
| | ) | |
| v. | ) | Hon. Judge John W. Darrah |
| | ) | |
| **Euler Hermes American Credit Indemnity Company and Robert M. Francisco,** | ) ) ) | Mag. Judge Michael T. Mason |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Transcap Associates, Inc. ("Transcap") moves this Court to compel defendant Euler Hermes American Credit Indemnity Company ("Euler") to provide a complete response to discovery requests served on or around November 26, 2008 [40]. Discovery closes on June 30, 2009. Having reviewed the parties' briefs and related filings [40, 41, 52, 54 and 56], this Court grants Transcap's request to compel Euler to produce additional documents and amend its responses to the discovery requests; denies without prejudice Transcap's request for a finding that Euler has waived all objections, including any objections on the basis of the attorney client or work product privilege, to the discovery requests; and denies the request for costs and fees. Consistent with the instructions set forth below, Euler is to produce additional documents and serve amended discovery responses by 6/12/09.

This case involves Euler's denial of coverage for claims made under a domestic markets business credit insurance policy (the "Policy"). Transcap purchased the Policy with an initial term of August 15, 2004 through August 14, 2005. The parties renewed

the Policy on an annual basis, extending coverage through August 14, 2007. In its complaint, Transcap alleges that Euler and defendant Robert M. Francisco ("Francisco") fraudulently misrepresented the scope of the Policy and that Euler denied its claim for coverage in bad faith.

Transcap served its First Set of Interrogatories (the "Interrogatories") and First Set of Request for Production (the "RFP's") on or around November 26, 2008. Euler did not respond to Transcap's discovery requests within the time allotted under the Federal Rules of Civil Procedure. On February 17, 2009, Euler produced certain documents that are responsive to Transcap's RFP's, specifically the underwriting and claim files. Euler did not provide a written response to the Interrogatories or RFP's at any time prior to the filing of Transcap's motion.

The parties appeared for a preliminary hearing on Transcap's motion on April 18, 2009. At that time, Euler's counsel represented that it had additional responsive documents to produce, but objected to certain discovery requests as "overbroad." Subsequently, Euler's counsel informed this Court that it did not intend to produce any additional documents. We then entered a briefing schedule on Transcap's motion. On April 27, 2009, almost five months after Transcap served its discovery requests, Euler provided written responses to the Interrogatories and RFP's. Transcap submitted those responses to this Court on April 29, 2009 [52-3].

As an initial matter, Transcap asks this Court to find that Euler has waived any objections to the Interrogatories and RFP's. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.");

*Poulos v. Naas Food, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992) (reasoning that the responding party "had probably already waived any objection to production by failing to object when disclosure was due."). Euler does not directly address this issue in its response, but rather argues that it has raised valid objections to certain requests and that compiling the requested information "would be impossibly burdensome." [54]. With limited exceptions, Euler's arguments are not well taken. Accordingly, there is no need for this Court to reach the issue of Transcap's request for a waiver. Furthermore, we find that waiver of Euler's ability to assert the attorney client and/or work product privilege is inappropriate in light of Transcap's questionable compliance with Local Rule 37.2 discussed below. We also note that the District Court reset the pre-trial conference to 2/18/10, the trial date to 3/1/10, and the date for entry of a briefing schedule on dispositive motions to 10/22/09 [38], and therefore Transcap is not unduly prejudiced by Euler's conduct. Transcap's request for a finding of waiver is denied at this time.

Transcap seeks discovery regarding claims made by similarly situated insureds. Interrogatory No. 10 asks Euler to "identify each claim for an insured other than Transcap where Euler provided insurance coverage under a domestic markets business credit insurance policy for a sale of goods or products by an insured that drop shipped such goods or products." Interrogatory No. 11 asks Euler to identify each claim "where Euler denied coverage under a domestic markets business credit insurance policy for a sale of goods or products by an insured on the basis that the insured did not have physical possession of the goods or products prior to sale." RFP No. 23 seeks documents pertaining to Euler's "acceptance or denial of coverage under any domestic markets business credit insurance policy for any claim other than the Transcap Claims

3

where such claim involved an insured drop shipping products or goods directly to the buyer of such goods or products." Euler characterizes these requests as "Other Insured Discovery."

Euler argues that Other Insured Discovery is not relevant to any claim or defense at issue in this case. In support, Euler cites a number of cases involving breach of contract or other unrelated fact patters. *See, e.g. American Roller Co., LLC v. Foster-Adams Leasing, LLP*, 2006 U.S. Dist. LEXIS 34075, **1-2 (N.D. Ill. May 16, 2006) (precluding discovery of unrelated transaction, dispute and settlement in breach of contract case); *Piacenti v. General Motors Corp*, 173 F.R.D. 221, 225-26 (N.D. Ill. Apr. 23, 1997) (denying request to compel discovery of unrelated car models and distinguishing cases where discovery allowed on grounds that those cases involved substantially similar models). In response, Transcap cites a number of cases holding, in the insurance coverage context, that other insured information is discoverable [56-9]. Transcap's argument is persuasive. *See Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 106-07 (D.N.J. Aug. 31, 1990) (holding that information regarding the claims of other insureds with identical policy language "is relevant for purposes of discovery since it may show that identical language has been afforded various interpretations by the insurer.").

Euler also objects to Other Insured Discovery as overly broad and burdensome and states that it "would require Euler to review every domestic policy it has ever issued and the circumstances of every claim under such policies, which is impossible to do." However, Transcap is not seeking information related to "every domestic policy" but rather information regarding coverage claims made by other insureds under domestic

4

markets business credit insurance policies.  Transcap persuasively argues, in its reply, that other insureds' information is discoverable and relevant to the interpretation of policy language. *See, e.g. American Colloid Co. v. Old Republic Ins. Co.*, 1993 U.S. Dist. LEXIS 8417, \*\*4-5 (N.D. Ill. June 21, 1993) (permitting discovery regarding similar claims by other insureds).  In order to limit the burden of production, and unless otherwise agreed or ordered by the District Court, Euler's response to Interrogatory Nos. 10 and 11 and RFP No. 23 is limited to domestic markets business credit insurance policies and a claim period or occurrence date between January 1, 2003 and December 31, 2008.  Transcap's request to compel a response to these requests is otherwise granted.

Transcap also moves to compel a complete response to Interrogatory Nos. 12 and 13 which ask Euler to identify the facts that support its denial of Transcap's allegations and its assertion of affirmative defenses and counterclaims in various pleadings filed in this case.  Euler does not address these Interrogatories in its response.  However, Euler objected to these Interrogatories on the grounds that they are overly broad and burdensome and seek information protected by the work product doctrine.  The work product privilege generally precludes discovery of "tangible things that are prepared in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3).  The privilege only extends to documents and tangible things, not to underlying facts*. Id.; see also Loctite Corp. v. Fel-Pro Inc.*, 667 F.2d 577, 582 (7th Cir. 1981); *Caremark, Inc. v. Affiliated Computer Servs., Inc.* 195 F.R.D. 610, 613-14 (N.D. Ill. Aug. 10, 2000).  It also does not extend to documents prepared for business purposes.  *See Denari v. Genesis Ins. Co.*, 2002 U.S. Dist. LEXIS 12041, \*16 (N.D. Ill. July 3, 2002) ("In

5

analyzing documents prepared by insurance companies, courts have uniformly found that documents that are prepared for business purposes, as opposed to those prepared solely in anticipation of litigation, are not protected by the work product doctrine.") (quotations omitted). Accordingly, Euler cannot rely on the work product privilege to avoid responding to these Interrogatories.

Euler also asserts, in its response to Interrogatory No. 12, that "[t]o the extent discoverable, the information sought . . . may be derived or ascertained from the business documents [it] produced." Pursuant to Fed. R. Civ. P. 33(d), a party who relies on business records in responding to an interrogatory must specify the records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could" or provide the interrogating party with "a reasonable opportunity to examine and audit the records." Here, Euler did not provide any information that would enable Transcap to identify the specific documents it relied on in responding to the Interrogatories. Accordingly, Euler's Fed. R. Civ. P. 33(d) response is inadequate and Transcap's request to compel a response to Interrogatory Nos. 12 and 13 is granted. To the extent that they have been ascertained at this point in the litigation, Euler must identify the underlying facts that support its allegations and/or sufficiently identify the documents it relied upon for its answer and counterclaim. Euler must also provide sufficient detail to enable Transcap to identify the records it relied on in responding to Interrogatory Nos 1 and 3-8.

Next, Transcap moves to compel a response to RFP Nos. 15-18. These RFP's seek documents pertaining to the drafting, interpretation, application and construction of Transcap's policies. Transcap alleges that Euler changed its interpretation of the Policy

6

provisions during the policy period. To the extent that these requests seek information related to the Policy provision(s) Euler relied on in denying coverage, Transcap's motion to compel is granted. *See Mach. Movers v. Fid. & Deposit Co.*, 2007 U.S. Dist. LEXIS 78376, \*\* 7-10 (N.D. Ill. Oct. 19, 2007) (allowing discovery of documents and information that relate to the drafting and underwriting of insurance policies where plaintiff alleged that the terms of the policies relied on in denying coverage were ambiguous).

Transcap seeks to compel copies of Euler's underwriting and claims manuals. Euler argues that RFP No. 19, as well as other discovery requests, seeks information that is "confidential, proprietary and/or constitute[s] trade secrets." Transcap states that it will agree to "reasonable restrictions on the disclosure and use of any materials that qualify for confidential treatment." Accordingly, and in order to remedy Euler's concerns regarding the disclosure of confidential and proprietary financial and other business information, the parties are to prepare an agreed protective order and submit that proposed order to [Proposed_Order_Mason@ilnd.uscourts.gov](Proposed_Order_Mason@ilnd.uscourts.gov) at the earliest possible date, and no later than 6/8/09. The parties are reminded that their proposed order must comply with the requirements set forth by the Seventh Circuit, the District Court and this Court's Case Management Procedure regarding Protective Orders. Transcap's request to compel a complete response to RFP Nos.19 and 20 is granted.

Transcap also seeks to compel documents related to Euler's marketing materials, including advertisements, pamphlets and/or brochures regarding its policies (RFP No. 21) and to defendant Francisco's employment (RFP No. 22). Transcap argues that these materials are relevant to its claim for consumer fraud. Euler does not

7

address these requests in its response.  Accordingly, Transcap's request to compel a response to these RFP's is granted.  Transcap's motion is also granted to the extent it seeks to compel documents related to Transcap's claims (RFP Nos. 2 and 5), the Policy (RFP No. 3) and the calculation of Policy premiums (RFP No. 4); any communications with or regarding Transcap (RFP Nos. 6 through 8); and copies of the Policy (RFP No. 13).

Transcap seeks fees and costs related to the motion.  *See* Fed. R. Civ. P. 37(a)(5) (authorizing payment of reasonable expenses incurred in connection with a motion to compel).  Euler argues that its "conduct to date has been reasonable, cooperative and justified."  This statement is contradicted by Euler's admitted and unjustified failure to provide written responses to Transcap's discovery requests until almost five months after Transcap served the Interrogatories and RFP's.  Euler also argues that it should not be sanctioned because "Transcap indicated that it was really interested in receiving the underwriting and claim files, and was not expecting immediate written responses" and Euler subsequently produced the requested underwriting and claim files.  Euler mischaracterizes its communications with Transcap's counsel and its obligations under the Federal Rules of Civil Procedure.  *See* Fed. R Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after beings served with the interrogatories.  A shorter or longer time may be stipulated under Rule 29 or ordered by the court."); Fed R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served.  A shorter or longer time may be stipulated to under Rule 29 or ordered by the court.").

Nevertheless, it is apparent that this discovery dispute is due, at least in part, to the parties' ambiguous and insufficient written correspondence and related failure to communicate in person. Euler asserts that, based on counsel's email, it "reasonably believed" that Transcap "fully understood" it objected to producing anything other than its underwriting and claim files. Euler also asserts that Transcap agreed to amend the discovery schedule. Transcap disputes Euler's characterization of their communications, as well as the existence of any agreement that allowed Euler to limit its document production or granted Euler an open-ended extension to respond to Transcap's discovery. Transcap states that on February 12, 2009, prior to filing the motion, it sent a letter requesting an update on the status of Euler's discovery responses and informing Euler that "a motion to compel would be necessary to obtain Euler's long overdue compliance should responses not be forthcoming" [40 ¶ 7]. Significantly, Transcap does not allege that its counsel consulted with Euler's counsel in person or by telephone.

Pursuant to Local Rule 37.2, the court will not hear a discovery motion unless the parties have made "good faith attempts to resolve differences" through "consultation in person or by telephone," except where "attempts to engage in such consultation were unsuccessful due to no fault of counsel's." Transcap certifies that "it has in good faith conferred with Euler's counsel in an effort to secure responses to Transcap's requests without court action." However, there is no indication that the parties ever consulted in person or by telephone prior to the filing of Transcap's motion, or that attempts to do so were unsuccessful due to no fault of Transcap's counsel. Accordingly, while we find that Euler's actions are not substantially justified, Transcap's request for attorneys' fees

and costs is denied. *See* Fed. R. Civ. P. 37(a)(5)(A)(i) (The court "must not order" payment of expenses where "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action.").

Wherefore, for the reasons stated above, plaintiff's motion to compel is granted in part and denied in part and plaintiff's request for a finding of waiver is denied without prejudice. Defendant is to produce additional documents and serve amended discovery responses by 6/12/09.

                                              **ENTERED:**

                                              **MICHAEL T. MASON**
                                              **United States Magistrate Judge**

**DATED: June 3, 2009**